UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                                    )
GABRIEL MOURA DOS SANTOS,           )
                                    )
                Petitioner,         )
                                    )
        v.                          )       CIVIL ACTION
                                    )       NO. 26-11910-WGY
ANTONE MONIZ, Superintendent,       )
Plymouth County Correctional        )
Facility, DAVID WESLING, Boston     )
Field Office Director, U.S.         )
Immigration and Customs Enforcement )
And Removal Operations,             )
TODD LYONS, Acting Director of      )
U.S. Immigrations and Customs       )
Enforcement, MARKWAYNE MULLIN,      )
Secretary of Homeland Security,     )
TODD BLANCHE, Acting Attorney       )
General of the United States,       )
                                    )
                Respondents.        )
                                    )
```

YOUNG, D.J.                                         May 6, 2026

**ORDER**

The Court has reviewed the petition filed by Petitioner Gabriel Moura Dos Santos ("Dos Santos") for habeas corpus relief under 28 U.S.C. § 2241 ("Pet." or "the Petition"), ECF No. 1, as well as the Respondents' response, Resp. Habeas Pet. ("Resp."), ECF No. 5. The Court hereby ALLOWS the Petition insofar as it seeks a bond hearing/individualized custody redetermination before an immigration judge, at which the government bears the burden of proving Dos Santos poses a danger to the community or

flight risk, see Hernandez-Lara v. Lyons, 10 F.4th 19, 41 (1st Cir. 2021), and ORDERS this hearing be held within seven (7) days of the date of this Order.  The Court further ORDERS Respondents to file a status report -- stating whether Petitioner has been granted bond and, if his request for bond is denied, the reasons for the denial -- within ten (10) days of this Order.

**FACTUAL BACKGROUND**.  Dos Santos is a native and citizen of Brazil.  Pet. ¶¶ 2, 21.  He was detained by Immigration Customs Enforcement ("ICE") on or about April 27, 2026, and has since remained in its custody.  Id. ¶¶ 2, 21.  Dos Santos contends that his detention violates INA provisions and his rights under the Due Process Clause of the Fifth Amendment.  Id. ¶18.  Thus, Dos Santos requests a bond hearing.  Id., and at 8.

**ANALYSIS**.  District courts retain jurisdiction to hear noncitizens' challenges to the legality of their immigration detention.  Kong v. United States, 62 F.4th 608, 614 (1st Cir. 2023).  Since Granados Garcia challenges his continued detention, this Court has jurisdiction over his petition.

Dos Santos claims he has resided in the United States "for approximately three years."  Pet. ¶ 2.  This Court agrees with petitioner Dos Santos that his custody is governed by 8 U.S.C. § 1226(a) which, as due process requires, entitles him to a bond hearing before an immigration judge.  This conclusion is

[2]

consistent with a growing body of this court's rulings in similar cases. See, e.g., Sampiao v. Hyde, 799 F. Supp. 3d 14, 19-20 (D. Mass. 2025) (Kobick, J.); De Andrade v. Moniz, 802 F. Supp. 3d 325, 333 (D. Mass. 2025) (Saylor, J.); Araujo da Silva v. Bondi, No. 25-CV-12672-DJC, 2025 WL 2969163, at *2 (D. Mass. Oct. 21, 2025) (Casper, C.J.); Chuqui Paredes v. Moniz, No. CV 26-10335-FDS, 2026 WL 309632, at *2 (D. Mass. Feb. 5, 2026) (Saylor, J.).

For the foregoing reasons, the Court rules as follows. The Court ALLOWS the Petition, ECF No. 1, insofar as it seeks a bond hearing/individualized custody redetermination before an immigration judge, at which the government bears the burden of proving that Dos Santos poses a danger to the community or flight risk, see Hernandez-Lara, 10 F.4th at 41, and ORDERS this hearing be held within seven (7) days of the date of this Order. The Court ORDERS Respondents to file a status report -- stating whether petitioner Dos Santos has been granted bond and, if the request for bond is denied, the reasons for the denial -- within ten (10) days of this Order.

**SO ORDERED.**

_William G. Young_
WILLIAM G. YOUNG
DISTRICT JUDGE

[3]